ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
SONIA SINGH (State Bar No. 311080)
ssingh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Brad D. Krasnoff, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PRECISION AGRITECH INC., dba LOCAL ROOTS FARMS,<br><br>Debtor. | Case No. 2:19-bk-11150-RK<br><br>Chapter 7 |
| BRAD D. KRASNOFF, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC ELLESTAD, an individual,<br><br>Defendant. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT TO AVOID UNPERFECTED SECURITY INTEREST**<br><br>Date:   SEE SUMMONS<br>Time:   SEE SUMMONS<br>Place:  Courtroom 1675<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

Plaintiff Brad D. Krasnoff, the Chapter 7 trustee ("Plaintiff" or the "Trustee") for the estate of Precision AgriTech, Inc. dba Local Roots Farms ("Precision AgriTech"), alleges as follows:

## JURISDICTION, VENUE AND CASE BACKGROUND

1.  This Court has jurisdiction over this adversary proceeding (this "Action") pursuant to 28 U.S.C. §§ 157 and 1334. This Action is commenced pursuant to 11 U.S.C. §§ 544 and 551, as well as other applicable law. This Action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O). This Action arises in or under a case under Chapter 7 of title 11 of the United States

Code entitled, In re Precision AgriTech, Inc. dba Local Roots Farms, which has been assigned case number 2:19-bk-11150-RK (the "Bankruptcy Case") and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (this "Court"). Plaintiff consents to entry in this Action of final orders or judgment by this Court.

## THE PARTIES

2. Plaintiff brings this action solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Precision AgriTech, Inc. dba Local Roots Farms.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Eric Ellestad ("Defendant" or "Ellestad") at all times relevant herein was and is an individual residing or doing business in the County of Los Angeles.

## GENERAL ALLEGATIONS

4. On February 4, 2019 (the "Petition Date"), Precision AgriTech filed a voluntary petition for relief (the "Petition") under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), case no. 2:19-bk-11150-RK.

5. At all times relevant herein, Ellestad was the president and chief executive officer of Precision AgriTech.

6. Ellestad signed the Petition, Schedules and Statement of Financial Affairs, filed by Precision AgriTech.

7. Also on the Petition Date, Precision AgriTechnologies LLC ("Precision AgriTechnologies"), the subsidiary of Precision AgriTech filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, case no. 2:19-bk-11153-RK.

8. Brad D. Krasnoff was subsequently appointed as the Trustee for both the Precision AgriTechnologies estate and the Precision AgriTech estate, and continues to serve in that capacity.

9. Precision AgriTech and Precision AgriTechnologies are referred to hereinafter collectively as the "Debtors."

10. Property of the Debtors' estates included the personal property (the "Personal Property") located at the Debtors' premises at 4600-4620 S. Santa Fe Ave., Vernon, California 90058 and 5000 Hampton St., Vernon, California 90058.

11. The Personal Property included items such as large metal containers and their contents and appurtenances (e.g., HVAC units) that compromise "Grow Pods," as well as machinery, equipment, tools, office furniture and materials, including a Hyster forklift.

12. On its Schedule D filed on the Petition Date, Precision AgriTech listed Ellestad as a secured creditor in the amount of $350,000.

13. On its Schedule D filed on the Petition Date, Precision AgriTech also listed Ellestad as an insider with a secured loan against "all assets."

14. Plaintiff is informed and believes, and based thereon alleges, that Ellestad never filed a UCC-1 Financing Statement against Precision AgriTech.

15. The Trustee filed his Motion to: (1) Authorize Sale of Substantially All of the Debtor's Assets at Public Auction Free and Clear of Liens; (2) Authorize the Employment of Brian Testo Associates, LLC, to Conduct Such Sale; (3) Approve Compromise Regarding Such Sale Between the Trustee, the Melideo Trust and West Coast Real Estate Holdings LLC; and (4) Approve Proposed Allocation of Sale Proceeds and Expenses *(docket no. 30)* (the "Auction Motion") on or about July 30, 2019 in the Debtors' cases.

16. In the Auction Motion, the Trustee requested that the sale be free and clear of liens, claims and interest, and that the lien asserted by Ellestad be removed from the Personal Property, with the lien attaching to like amounts of the net sale proceeds with the same force, effect, validity and priority that it had as of the Petition Date against the Personal Property.

17. The Court entered its order approving the Auction Motion on or about August 23, 2019 *(docket no. 38)* (the "Auction Order").

18. In the Auction Order, the Court approved the Trustee's pro rata allocation of the auction net sale proceeds between the Debtors' respective estates, and the attendant expenses, pursuant to which 6.28% will be allocated to Precision AgriTech's estate.

19.    The Trustee's auctioneer conducted the auction on or about September 24, 2019, aggregating $155,256.00 as net proceeds (the "Auction Proceeds").

## CLAIM FOR RELIEF

(For Avoidance of Unperfected Security Interest – 11 U.S.C. § 544(a))

20.    Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereof as though fully set forth herein.

21.    Plaintiff is informed and believes, and based thereon alleges, that Ellestad's lien against the Auction Proceeds is unperfected.

22.    Pursuant to 11 U.S.C. §§ 544(a) and 551, Plaintiff may avoid the security interest asserted by Ellestad against the Auction Proceeds, with the lien automatically preserved for the benefit of the estate.

WHEREFORE, Plaintiff prays for judgment as follows:

1.    A judgment avoiding Ellestad's unperfected security interest on the Auction Proceeds;

2.    A judgment against Ellestad to preserve the security interest on the Auction Proceeds for the benefit of the estate;

3.    For costs of suit incurred; and

4.    For such other relief as the Court deems just and proper.

DATED: January 21, 2020        DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: /s/ Sonia Singh
SONIA SINGH
Attorneys for Plaintiff Brad D. Krasnoff, Chapter 7 Trustee

1573469.2  1911150A        4

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BRAD D. KRASNOFF, Chapter 7 Trustee | **DEFENDANTS**<br>ERIC ELLESTAD, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SONIA SINGH (State Bar No. 311080) ssingh@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067<br>Telephone (310) 277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>FOR AVOIDANCE OF UNPERFECTED SECURITY INTEREST - 11 U.S.C. section 544(a) | |

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other  [1]

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>PRECISION AGRITECH, INC. | BANKRUPTCY CASE NO.<br>2:19-bk-11150-RK | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. ROBERT N. KWAN | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>JANUARY 21, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>SONIA SINGH | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.